UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
SEP 1 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-371-KSF

TERRY WAYNE DEAN[1]            PLAINTIFF

V.           **OPINION & ORDER**

FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's motion for award of attorneys fees and litigation expenses [DE #19].

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff filed suit on August 3, 2004, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 522a *et seq.*, to obtain information regarding an investigation conducted by his employer, the Federal Deposit Insurance Company ("FDIC") and its Office of Inspector General ("OIG"). The FDIC had provided almost 500 documents to the plaintiff, but withheld disclosure of a number of documents (12 full pages and 17 redacted pages) and provided others only in redacted form. The plaintiff sought full and complete disclosure.

On September 28, 2005, the Court issued its Opinion and Order ruling on the plaintiff's claims. Generally speaking, it held that the defendants were permitted to withhold identifying information of OIG investigators and other third parties, but were not permitted to withhold

---

[1] It appears that the plaintiff's name is actually "Wayne Terry Dean."

purely factual material or identifying information regarding the plaintiff himself. The Court also found that the defendants had not acted in bad faith in producing and withholding the materials at issue. In complying with the Court's opinion, the defendants apparently released 27 partial pages of documents.

In the present motion, the plaintiff seeks $12,345.50 in attorneys' fees and $1,155.40 in costs. He argues that he is entitled to fees and costs pursuant to FOIA § 522(a)(4)(E).

## II. ANALYSIS

### A. FOIA Attorneys' Fees Framework

"The Congressional policy behind the FOIA is to encourage public access to government information and to enable individual citizens to pursue their statutory rights by eliminating administrative barriers that could only be hurdled through expensive litigation." Seegull Mfg. Co. v. NLRB, 741 F.2d 882, 886 n.1 (6th Cir. 1984) (citations omitted). If a complainant is forced to endure costly litigation, then based upon this policy, "[t]he Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). An award of attorneys' fees is not a reward for successful claimants or a penalty against the government, but is merely designed to "relieve plaintiffs with legitimate claims of the burden of legal costs." Falcone v. Internal Revenue Serv., 714 F.2d 646, 647 (6th Cir. 1983). The FOIA does not exclude corporations or the wealthy from obtaining fees "where such would be otherwise proper." Seegull Mfg. Co., 741 F.2d at 886. Having said that, "[t]he enactment does not on its face compel the award of attorney fees and costs to a prevailing party, it only

states that a court 'may' award such fees." Id. at 885. Thus, the decision whether to award fees and costs is within the sound discretion of this Court. Id.

In determining whether to grant attorneys' fees under the FOIA, courts apply a two-part test to determine whether a plaintiff is both eligible and entitled to fees. GMRI, Inc. v. EEOC, 149 F.3d 449, 451 (6th Cir. 1998). First, this Court must "decide whether the plaintiff 'substantially prevailed' and is thus eligible for such an award. If so, [then the Court must] determine whether the plaintiff is entitled to such an award based upon a balancing of equitable considerations." Id.

### 1. *Eligibility – "Substantially Prevailed"*

A plaintiff need not win a law suit or receive a court order compelling the government to produce the requested documents. Instead, a plaintiff "will have substantially prevailed if it demonstrates that the prosecution of the lawsuit was reasonably necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information." GMRI, Inc., 149 F.3d at 451-52.

The defendants argue that the plaintiff has not "substantially prevailed" because the records disclosed were "not significant in terms of the overall FOIA request." In support of this argument, they cite a number of cases decided by courts outside of this circuit, but nowhere in their response brief do they address the standard expressly articulated by the Sixth Circuit and cited above. As such, the defendants' argument does not address the questions before the Court.

The plaintiff filed this action in order to compel the defendants to release certain requested documents that it had previously withheld, either in full or in part. After the Court issued its Opinion & Order, the defendants released a number of additional documents to which the plaintiff

-3-

was entitled. Thus, the Court finds that the lawsuit was reasonably necessary to obtain the requested information and that the existence of the lawsuit had a causative effect upon release of that information. In fact, there does not appear to be a question that the defendants ultimately released the information *only* as a result of the Court's order to do so. The fact that a vast majority of responsive documents had previously been released or was properly withheld is not the determining factor, at least in this circuit at this time.

Accordingly, the Court finds that the plaintiff "substantially prevailed" in his FOIA litigation and is therefore eligible for an award of attorneys' fees. However, this eligibility determination is only the first step in the analysis.

### 2.  *Entitlement – Equitable Considerations*

In part two of the analysis, the Court must balance several equitable considerations in deciding whether the plaintiff is *entitled* to attorneys' fees in this case. The factors this Court must consider include, but are not limited to: "[1] the benefit to the public deriving from the case; [2] the commercial benefit to the complainant and the nature of [his] interest in the records; and [3] whether the agency's withholding had a reasonable basis in law." Detroit Free Press, Inc. v. DOJ, 73 F.3d 93, 97 (6th Cir. 1996) (quoting American Commercial Barge Lines Co. v. NLRB, 758 F.2d 1109, 111 (6th Cir. 1985)).

Turning to the first factor, the Court acknowledges that the public has a general interest in the enforcement and vindication of the FOIA. Each time an agency disregards its obligation to diligently answer and provide information in response to FOIA requests, the public is harmed. However, there is *always* a public interest to be served by bringing the government into compliance with FOIA in every FOIA case filed. This generalized public interest is the only

public interest that the plaintiff cites in support of an award of fees. If it were the touchstone, however, this factor would automatically weigh in favor of an award of attorneys' fees in every case.

The Court is of the opinion that this factor requires more than just a generalized public interest. In the present case, the Court has already found that the only interest that would be significantly served by disclosure is the personal interest of the plaintiff. This is not a case where, for example, the information ultimately disclosed "add[ed] to the fund of information that citizens may use in making vital political choices." Cotton v. Heyman, 63 F.3d 1115, 1121 (D.C. Cir. 1995).[2] Rather, this case involved a highly personalized matter for the plaintiff and it is clear to the Court that the plaintiff was motivated solely by personal interest. There is no suggestion that the material will be disseminated to the public and no public impact is to be expected from the disclosures – the documents are almost devoid of public interest. Therefore, this case does not appear to be the type of case that Congress intended to subsidize by way of an award of fees.

As for the second factor – the commercial benefit to the plaintiff and the nature of his interest in the records, the plaintiff argues that he has no commercial interest in this case. The facts belie this argument. While the plaintiff may not have sought the documents for a separate commercial purpose (e.g., to sell the information), the Court concludes that the nature of the plaintiff's interest in the records was purely personal. Thus, this factor counsels against an award of fees in this case.

---

[2] Numerous other courts have held similarly. See, e.g., Werner-Continental, Inc. v. Farkas, 478 F. Supp. 815, 817 (S.D. Ohio 1979), aff'd, 661 F.2d 935 (6th Cir. 1981); see generally Richard E. Kaye, Annotation, Construction and Application of Freedom of Information Act Provision (5 U.S.C.A. § 552(a)(4)(E)) Concerning Award of Attorney's Fees and Other Litigation Costs, 179 A.L.R. Fed. 1 § 8(b) and cases cited therein.

The Court must also consider whether the agency had a reasonable basis in law for withholding certain information and/or documents. The plaintiff argues that it is hard to imagine why the defendants believed they were entitled to withhold factual information and the plaintiff's own personal information. The defendants assert that because there was no public interest in these documents, the plaintiff's privacy interest in them was significant and, therefore, it was reasonable for them to withhold certain information. They also cite a number of PA exemptions that they relied on for refusing to disclose the plaintiff's own personal information, asserting they could not know that the Court would conclude that release of the information was required.

Without rehashing the parties' arguments on these points and while it may be a close call, the Court finds that the defendants had a reasonable basis in law for withholding the requested information. There was some question as to whether certain information regarding the plaintiff himself was required to be disclosed under the PA when contained in the investigative files of the OIG. This was not an argument fashioned out of thin air, but had a statutory basis and is one on which reasonable legal minds could have differed. Therefore, in the Court's opinion, this factor does not weigh heavily in favor of either party.

Finally, the Court notes that it is not limited to these three factors, but may consider any other factors it deems relevant before deciding whether the plaintiff should receive an award of attorneys' fees and costs. GMRI, Inc., 149 F.3d at 452. In this regard, the Court may consider the fact that the defendants initially disclosed a large portion of the materials requested prior to the filing of this suit. It may also consider that with respect to the information withheld, the plaintiff suggested that he already had personal knowledge of at least some of it.

## III. CONCLUSION

On balance, the Court finds that the plaintiff is not entitled to attorneys' fees and costs in the present case. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the plaintiff's motion for award of attorneys fees and litigation expenses [DE #19] is DENIED.

This __15__ day of September, 2006.

_KSF_
KARL S. FORESTER, SENIOR JUDGE